## M. L. WOODS AND ANOTHER v. ROBERT TOOMBS AND OTHERS.

1. In an action of trespass to try title and for damages, the defendant pleaded not guilty, and also set up title in himself and prayed judgment against the plaintiffs. On the trial, defendant proved that in 1861 he purchased the land from the duly authorized agent of the defendants, and gave his notes for the purchase money, in payment of which notes the agent afterwards accepted Confederate money, and paid the same to C., who was one of the plaintiffs' vendors, but had not joined in the power of attorney to the agent. Plaintiffs demurred to this evidence. *Held*, that the evidence was at least legitimate to sustain the defense against being a trespasser, and it was therefore error to sustain the demurrer. It seems, however, that as C. was never bound by the sale to the defendant, his acceptance of the Confederate money was of no significance.

2. By the Act of May 19th, 1871, objections to witnesses on the score of interest were abrogated.

APPEAL from Tarrant. Tried below before the Hon. Hardin Hart.

The power of attorney to Johnson was made in 1860, by Robert Toombs and W. H. Crawford, who, with H. G. Catlett, were the patentees of the land.

The suit was brought by Toombs, S. W. Mays, and W. P. Crawford, the last two claiming under G. W. Crawford, and all three claiming the original interest of Catlett, by purchase from his heirs in 1870.

The defendants were M. L. Woods and Mrs. Mary E. Brown. The latter disclaimed title, and avowed her tenancy under Woods, who alleged title in himself as indicated in the first head-note.

The jury found that the title to the land was in the plaintiffs, but acquitted the defendants of damages.

*J. C. Terrell, J. T. Ault,* and *J. C. McCoy,* for the appellants.

*Hendricks & Smith,* for the appellees.

OGDEN J. We think there was error in the judgment of the court in this case, in sustaining the demurrer to the defendants' evidence.

The defendants proved that M. T. Johnson was the duly appointed agent of Toombs and Crawford, with full power to sell and dispose of the land for which the appellees are now suing; and also that Johnson, by virtue of that power, did sell the land to Woods, and execute to him a bond for title. This was certainly legitimate evidence to go to the jury, at least to sustain the defense against the charge of being a trespasser. The contract of sale was a legitimate one; and if Toombs and Crawford accepted payment for the notes given for the purchase money, in full satisfaction, and surrendered the notes for cancellation, or if they afterwards ratified the acts of their agent in doing so, then the payment would be a good one, and the court would not inquire how or in what that payment was made.

It may be said that as the jury found the defendants not

guilty of the trespass, the admission or rejection of this evidence was immaterial, and could not affect the judgment that was rendered. That may be true, and yet, if the jury had followed the instructions of the court, they would have found defendants guilty of a trespass; and besides, if the court had committed no other error, that testimony might have been very material in another sense.

The court erred in sustaining the plaintiffs' exception to the introduction of the testimony of G. Nance, on account of interest. It is not perceived wherein Nance was interested in the termination of this suit so as to disqualify him as a witness. The defendants proposed to prove the payment to witness, for appellants, of three hundred dollars, which, if witness had been authorized to receive the same for the plaintiffs below, would have been a good payment, and they would have to look to him for that amount. But if witness was not authorized to receive the money for the plaintiffs, then he would be responsible to the defendants for the same. This would be simply a shifting of responsibility, but could in no way add to or diminish that responsibility. But the act of the Legislature of May 19th, 1871, has definitely settled that question, and has, in effect, declared that Nance was a competent witness.

There appears to have been no proof before the court that Catlett, by himself or through an agent, had ever become bound to any agreement of sale of his interest in the land in dispute, and therefore we fail to discover the materiality or admissibility of any testimony of payments made to him.

As this cause will be remanded for a new trial, we do not deem it necessary to again repeat the oft enunciated decisions of this court in regard to the enforcibility of a contract for Confederate money; but it may not be amiss to say that counsel have failed to convince us that the former decisions of this court on that subject are erroneous.

For the errors pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.